**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

In re:

        **Avamere NPS Carpenters LLC**
         Debtor

Case No.   23-00286-ELG

Chapter 11

**Consent Order Conditioning
Rights of Debtor in Possession**

      Pursuant to agreement between **Avamere NPS Carpenters LLC**, Debtor(s), by counsel, and the United States Trustee, it is hereby **ORDERED** that, pending further order of the Court, Debtor(s) shall remain in possession and conduct business subject to the following conditions:

      1.     The debtor shall close all present books of account and open and maintain new books of account showing all earnings, expenses, receipts and disbursements of the debtor commencing with the date of the order of relief under Chapter 11 of the Bankruptcy Code and shall preserve proper vouchers and supporting documentation for all payments made upon account thereof.

      2.     Except as otherwise agreed to by the United States Trustee in writing, the debtor shall close the bank accounts presently maintained, and all funds on deposit shall be transferred to the appropriate Debtor In Possession Account as hereinafter set forth.  On or before the date for the first meeting of creditors, the debtor shall furnish the United States Trustee with written evidence of compliance with paragraphs three and four, with the names of all authorized signatories on all debtor accounts, and the existence of and purpose for any account maintained pursuant to paragraph six.

      3.     The debtor in possession shall immediately open a new bank account in such federally insured depository as the debtor may select from the authorized depository list as set

forth at https://www.justice.gov/ust-regions-r04/region-4-general-information-0.   The account shall be opened in the name of the debtor, and all income and cash receipts derived by the debtor in possession shall be deposited therein.  Disbursements from this account shall be made only upon checks signed by the debtor or authorized agent of the debtor or using an authorized and connected debit or check card, and each check written on the account shall be imprinted with the debtor's name, together with appropriate additional information e.g., address of the debtor in possession.   To the extent the debtor uses electronic transactions online or via third-party applications, all such transactions must be from and to the authorized account.

4.      The debtor shall prepare and file all tax returns required by law and shall provide copies thereof to the United States Trustee.

5.      The debtor shall file with the Court, not later than the 21st of each month for the preceding calendar month (commencing with the month following the order for relief under Chapter 11), verified statements of cash flow and, if debtor is operating any business, statements of profit and loss, in compliance with the format established by the United States Trustee. The debtor shall simultaneously serve copies of these reports on the United States Trustee and the attorney for or the chairman of any Unsecured Creditor's Committee appointed herein.  All operating reports shall be filed using the applicable form as provided by the Office of the U.S. Trustee, which forms can be located at: https://www.justice.gov/ust/chapter-11-operating-reports, with the exception of Small Business and Subchapter V debtors (who may use the regional forms located at https://www.justice.gov/ust-regions-r04/region-4-general-information-0).

6.      On or prior to the date set for the first meeting of creditors the debtor shall provide to the United States Trustee written evidence from the debtor's insurance carrier that, as applicable, the debtor has worker's compensation, general liability, fire, theft and motor vehicle insurance coverages normally used in the debtor's type of business.   The debtor shall immediately notify the United States Trustee of any lapse, cancellation or proposed cancellation of any insurance coverage.  The Office of the U.S. Trustee shall also be listed as a notice party on all certificates of insurance and evidence of same shall be provided to the Office within fourteen (14) days of the filing of the case.

7.      The debtor(s) or debtor designee shall appear at any status meetings the United States Trustee may schedule in this case and shall provide to the United States Trustee such other information regarding the conduct of debtor's affairs as may from time to time be required.

8.      It is the debtor's responsibility to redact sensitive information from MOR supporting documents.  This includes all items identified under FRBP 9037, addresses and SSN of employees, routing and bank account numbers, and other information that may result in the disclosure of debtor's confidential information.

**9.      Unless first excused by the Court, the debtor or the individual designated by the Court as the representative of the debtor shall attend all hearings in the case.**

Subject to the foregoing limitations and conditions, the debtor shall conduct all financial affairs pursuant to applicable provisions of the Bankruptcy Code, Title 11 United States Bankruptcy Code.

We consent to the entry of this Consent Order Conditioning Right of the Debtor in Possession.

GERARD R. VETTER,
Acting United States Trustee for

*/s/Sara Kathryn Mayson*
Sara Kathryn Mayson
Trial Attorney
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227

*/s/Craig M. Palik*
Craig M. Palik, Esq.
Counsel for the Debtor(s) in Possession

Copies to:

Justin Phili Fasano
Craig M. Palik
McNamee Hosea, P. A.
6404 Ivy Lane
Suite 820
Greenbelt, MD 22070

Avamere NPS Carpenters LLC c/o
James Smith
44050 Ashburn Shopping Plaza
Suite 195-637
Ashburn, VA 20147

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314