**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 23-00285-ELG** |
| | ) | |
| **AVAMERE NPS STABLES LLC** | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | **Case No. 23-00286-ELG** |
| | ) | |
| **AVAMERE NPS CARPENTERS LLC** | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER CONFIRMING**
**DEBTORS' JOINT PLAN OF LIQUIDATION AND APPROVING DISCLOSURE**
**STATEMENT IN CONNECTION WITH DEBTORS' JOINT PLAN OF LIQUIDATION**

This matter came before the Court on the combined hearing on confirmation of the Debtors' Joint Plan of Liquidation (together with the exhibits thereto, as amended, the "Plan") and approval of the Disclosure Statement in Connection with Debtors' Joint Plan of Liquidation (together with the exhibits thereto, as amended, the "Disclosure Statement") filed by Avamere NPS Stables LLC ("Stables") and Avamere NPS Carpenters LLC ("Carpenters," and collectively with Stables, the "Debtors") ("Debtor"). After consideration of the Plan and Disclosure Statement and

any objections filed thereto and based on the record of the Confirmation Hearing[1], after due deliberation, and sufficient cause appearing, this Court hereby confirms the Plan and approves the Disclosure Statement, makes the following findings of fact and conclusions of law, and based thereon issues the following order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this proceeding and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court likewise has jurisdiction to enter a Final Order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Any person or entity required to receive notice of the hearing on approval confirmation of the Plan has received due, proper and adequate notice thereof. The Debtors satisfied all notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court and the orders entered by the Bankruptcy Court in the Chapter 11 Cases for approval of the sale or other conveyance of substantially all of the Debtors' assets, including but not limited to that certain real property commonly known as 2725 Cassedy Street, Silver Spring MD 20910, and more specifically known as Lot 22, Block 1 in a subdivision known as "Forest Glen Park" per plat thereof recorded as Plat No. 23377 among the Land Records of Montgomery County, Maryland., and all improvements thereon ("<u>Carpenters Property</u>") and that property commonly known as 2701 Linden Lane, Silver Spring MD 20910, and more specifically known as Lot 43, Block 1 in a subdivision known as

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

2

"Forest Glen Park" per plat thereof recorded as Plat No. 23374 among the Land Records of Montgomery County, Maryland (the "Stables Property," and collectively with the Carpenters Property, the "Properties") as sought in the Plan. No other or further notice of the proposed transfers, or of the entry of this Order is necessary or shall be required.

  C. <u>Petition Date</u>. On October 5, 2023 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Approval of the Disclosure Statement**

  D. <u>Disclosure Statement Compliance with Bankruptcy Code - § 1125</u>. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and complies with Bankruptcy Rule 3016(c). No further information is necessary.

**Confirmation of the Plan**

  E. <u>Plan Compliance with Bankruptcy Code - § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code.

  F. <u>Debtor's Compliance with Bankruptcy Code - § 1129(a)(2)</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code.

  G. <u>Plan Proposed In Good Faith - § 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The Debtors are entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

  H. <u>Payments for Services or Costs and Expenses - § 1129(a)(4)</u>. Any payment made or to be made in connection with these cases, or in connection with the Plan, has been approved by the Court as reasonable, or will be subject to such approval by the Court.

      I.      <u>Service of Certain Individuals - § 1129(a)(5)</u>. Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the debtor after confirmation, (b) the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtor. As the Plan is a liquidating plan, the requirements of section 1129(a)(5) of the Bankruptcy Code are not applicable.

      J.      <u>Rate Changes - § 1129(a)(6)</u>. Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

      K.      <u>Best Interest of Creditors - § 1129(a)(7)</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code because each Holder of an Allowed Claim is receiving at least what such creditor would receive in a Chapter 7 proceeding.

      L.      <u>Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9)</u>. The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

      M.      <u>Acceptance by Impaired Class of Claims - § 1129(a)(10)</u>. Two impaired classes have accepted the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

      N.      <u>Feasibility - § 1129(a)(11)</u>. The Plan is feasible. The confirmation of the Plan is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor or a successor beyond the liquidation provided for in the Plan. The Plan is itself a

liquidation plan. Accordingly, the requirements of section 1129(a)(11) of the Bankruptcy Code are satisfied.

O. <u>Payment of Fees - § 1129(a)(12)</u>. The Plan provides that (i) on the Effective Date, the Debtor will pay all U.S. Trustee Fees that are due and owing on the Effective Date and (ii) following the Effective Date, the Debtor and/or WCP Fund I, LLC will pay all quarterly fees to the Office of the U.S. Trustee that are required by applicable law until the case is closed. Accordingly, the requirements of section 1129(a)(12) of the Bankruptcy Code are satisfied. Because the Properties are worth less than the amounts owed to WCP Fund I, LLC, it is anticipated that the U.S. Trustee fees will be $250.00 per case.

P. <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>. The Debtor is not obligated to provide retiree benefits, and as a result, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

Q. <u>Non-Applicability of Certain Sections (§§ 1129(a)(14) and (15))</u>. Sections 1129(a)(14) and 1129(a)(15) of the Bankruptcy Code do not apply to the Debtors' chapter 11 cases. The Debtors owe no domestic support obligations, and are not individuals.

R. <u>Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16)</u>. The Debtors are for-profit entities. Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

S. <u>No Unfair Discrimination; Fair and Equitable - § 1129(b)</u>. Because the Plan satisfies all of the requirements of section 1129(a) of the Bankruptcy Code, a determination regarding whether the Plan is confirmable pursuant to section 1129(b) is not necessary.

T. <u>Only One Plan - § 1129(c)</u>. This is the only plan confirmed by the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

U. <u>Principal Purpose of Plan - § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

V. <u>Not Small Business Case - § 1129(e)</u>. This case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

W. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

X. <u>Implementation</u>. All documents and agreements necessary to implement the Plan, including, but not limited to, the sale and conveyance of the Stables Property and the sale and conveyance of the Carpenters Property, are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the estates, and the Holders of Allowed Claims or Interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law. The Debtors are authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

Y. <u>Transfers by the Debtors</u>. All transfers of property of the Debtors' estates shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with

applicable law, except as expressly provided in the Plan or this Order. The transferee will pay any senior liens prior to taking title to the Property.

      Z.      <u>Exemption from Taxation</u>. The making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the transfer of the Stables Property Property, and any deed of trust evidencing any loan obtained to purchase the Stables Property, and including the transfer of the Carpenters Property, and any deed of trust evidencing any loan obtained to purchase the Carpenters Property is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the transfer of the Stables Property and/or the Carpenters Property, in accordance with section 1146(a) of the Bankruptcy Code. The above listed transfers include, but are not limited to, all transactions necessary to effectuate the conveyance of the Stables Property and/or the Carpenters Property.

      AA.      <u>Sale</u>. The conveyance of the Stables Property and/or the Carpenters Property is an essential element of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the conveyance of the Stables Property and/or the Carpenters Property are in the best interest of the Debtors, the estates, and the Holders of Allowed Claims and Interests.

BB. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article X of the Plan.

CC. Pursuant to sections 1123(5)(D) and 1141(c) of the Bankruptcy Code, the conveyance of the Stables Property and/or the Carpenters Property are free and clear of any and all liens, claims, encumbrances and other interests, in accordance with, and subject to, the terms and conditions contained in the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the conveyance of the Stables Property and/or the Carpenters Property (the "Transfer Documents").

DD. The Debtors have full power and authority to execute the Transfer Documents. The transfer of the Stables Property and/or the Carpenters Property has been duly and validly authorized by all necessary authority for the Debtors to consummate the transfer of the Stables Property and/or the Carpenters Property. No additional consents or approvals are required by the Debtor to consummate the transactions contemplated under the Plan and the Transfer Documents.

EE. The Debtor have advanced sound business reasons for the conveyance of the Stables Property and/or the Carpenters Property, and it is a reasonable exercise of the Debtor's business judgment to consummate the transactions contemplated thereby. Notwithstanding any requirement for approval or consent by any person, the transfer of the Stables Property and/or the Carpenters Property is a legal, valid and effective transfer of the Stables Property and/or the Carpenters Property.

FF. The terms and conditions of the conveyance of the Stables Property and/or the Carpenters Property, including the consideration to be realized by the Debtor, are fair and reasonable, the transactions contemplated by the Plan are in the best interests of the Debtor's estate

and the consideration to be realized by the Debtor constitutes reasonably equivalent value for the Stables Property and/or the Carpenters Property.

GG.    The transfer of the Stables Property and/or the Carpenters Property shall vest the transferees with all right, title and interest in and to the Stables Property and/or the Carpenters Property free and clear of any and all liens, claims, encumbrances and interests. All persons having liens, claims, encumbrances or interests of any kind or nature whatsoever against or in any of the Debtors or the Stables Property and/or the Carpenters Property shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and interests against the transferees, or any of their assets, or the Stables Property and/or the Carpenters Property, and includes successors or assigns.

HH.    Holders of liens, claims, encumbrances and interests who did not object to the Plan, or who did not object or withdrew their objections to the Plan, are deemed to have consented to the transfer of the Stables Property and/or the Carpenters Property. All objections to the transfers have been resolved or overruled. Holders of liens, claims, encumbrances and interests are adequately protected by having their liens, claims, encumbrances and interests, if any, attach to the proceeds of the transfer of the Stables Property and/or the Carpenters Property.

II.    All transferees are buyers in good faith, as that term is used in the Bankruptcy Code and the decisional law thereunder. The proposed conveyance been negotiated and entered into in good faith and without collusion or fraud of any kind. The transferees have not engaged in collusion or any conduct that would otherwise control or tend to control the sale price as between or among potential bidders.

JJ.    The Properties will be sold in its "as-is" condition as of the date of transfer.

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:

1. <u>Findings of Fact and Conclusions of Law</u>. The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Disclosure Statement</u>. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is APPROVED.

3. <u>Objections to Disclosure Statement</u>. All objections, if any, to the Disclosure Statement that have not been withdrawn or resolved as provided in the records of the combined hearing are overruled.

4. <u>Confirmation</u>. All requirements for the confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is CONFIRMED pursuant to section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its

entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

5. <u>Objections to Plan</u>. All parties have had a fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised, and the objections have been fully and fairly litigated. All objections, responses, statements, reservation of rights, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled, or resolved prior to the Confirmation Hearing, or otherwise resolved on the record of the Confirmation Hearing and/or herein, are hereby overruled for the reasons stated on the record.

6. <u>Notice</u>. Notice of the Confirmation Hearing, the Disclosure Statement, the Plan, and all related documents was appropriate and satisfactory based upon the circumstances of these cases and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. <u>Binding Order re Plan</u>. The provisions of the Plan, and this Order are now, and forever afterwards, binding on the Debtors, all creditors of the Debtors, all insiders of the Debtors, and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

8. <u>Approval of Transfers</u>. The conveyance and sale of the Stables Property and/or the Carpenters Property is approved and the Debtor is authorized and directed to transfer the Stables Property and/or the Carpenters Property free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interest

transferring to and attaching to the proceeds of such transfer in the same priority as they attached to the Stables Property and/or the Carpenters Property. Notwithstanding the foregoing, the Debtors may file a motion to approve the sale and conveyance, if necessary.

9. <u>Surrender of Stables Property and/or the Carpenters Property to Transferees</u>. All persons or entities, presently or on/after the Closing Date, in possession of some or all of the Stables Property and/or the Carpenters Property are directed to surrender possession of the Stables Property and/or the Carpenters Property to the respective transferee on the Closing Date or at such time thereafter as the transferees may request.

10. <u>Disbursing Agent</u>. Counsel for the Debtor will serve as a disbursing agent for the Debtor Reserves, and as such, shall collect such proceeds as a fiduciary. However, the scope of such fiduciary duties shall be limited exclusively to distributing the funds to the Holders of Allowed Claims or Interests in accordance with the Plan.

11. <u>Authority to Execute Documents in Connection with Transfers</u>. The Debtors shall have the authority and are directed to execute all Transfer Documents in connection with the sale or conveyance of the Stables Property and/or the Carpenters Property, including, but not limited to, deeds to convey the entire Stables Property and/or the Carpenters Property.

12. <u>Binding Order re Transfers</u>. This Order and the Transfer Documents shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the transferees, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in any chapter 7 case if these cases are converted

from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Stables Property and/or the Carpenters Property.

13. <u>Jurisdiction re Transfers</u>. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Transfer Documents in all respects and to decide any disputes concerning this Order and the Transfer Documents, or the rights and duties of the parties thereunder or any issues relating to the Transfer Documents and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Stables Property and/or the Carpenters Property and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the transfer proceeds.

14. <u>Debtor's Authority to Transfer</u>. The Debtors are hereby authorized and directed: (i) to sell or otherwise convey the Stables Property and/or the Carpenters Property to the proposed transferees upon the terms and conditions set forth herein, in in the Plan; (ii) to take any and all actions necessary or appropriate to consummate the transfer of the Stables Property and/or the Carpenters Property to the transferees, including the closing of the transactions, in accordance with the Transfer Documents, the Plan, and this Order; (iii) to perform, consummate, implement and close fully the transfers of the Stables

Property and/or the Carpenters Property; and (iv) to take all further actions as may be necessary or appropriate to the performance of the transfer of the Stables Property and/or the Carpenters Property as contemplated by this Order, the Transfer Documents, and the Plan.

15. <u>Sale Free and Clear</u>.  Effective upon the Closing Date, the Stables Property and/or the Carpenters Property shall be, and are hereby deemed to be, transferred, sold and delivered to the transferees free and clear of all liens, claims, defenses, encumbrances, and other interests, pursuant to section 1129 of the Bankruptcy Code and the Debtors are directed to execute such Transfer Documents as are necessary to transfer the Stables Property and/or the Carpenters Property to the transferees, including bills of sale, title transfer documents, deeds, and assignments.  Any and all liens, claims, defenses, interests and encumbrances shall attach to the proceeds of the transfers in the same order of priority as they existed prior to the Petition Date with respect to Stables Property and/or the Carpenters Property.  This provision of the Order shall be self-executing and notwithstanding the failure of the Debtor or any other party to execute, file or obtain releases, termination statements, consents or other instruments to consummate or implement the provisions hereof or the Transfer Documents, all liens, claims, interests and encumbrances of any kind or nature in or against the Stables Property and/or the Carpenters Property transferred, sold or assigned shall be deemed released.  This Order is and shall be effective as a determination that, upon the Closing Date, all liens, claims, encumbrances, defenses and other interests existing in and to the Stables Property and/or the Carpenters Property have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and that the sale and conveyances described herein have been

made free and clear of all such liens, claims, encumbrances, defenses, and interests, with such liens, claims, encumbrances, and interests to attach to the proceeds of the transfers.

16. <u>Executory Contracts and Unexpired Leases</u>.  On the Effective Date, the Debtors will be deemed to have rejected any and all other Executory Contracts and Leases that the Debtor executed before the Effective Date to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy Code section 365.  On the Effective Date, this Order will constitute a Court order approving this rejection pursuant to section 365 of the Bankruptcy Code.

17. <u>Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the conveyance of the Stables Property and/or the Carpenters Property, and any deed of trust evidencing any loan obtained to purchase the Stables Property and/or the Carpenters Property, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax on the sale and/or conveyance of the Stables Property and/or the Carpenters Property.

18. <u>Jurisdiction re Case</u>.  The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

19. <u>Effectiveness of this Order</u>.  Any stay of this Order including, but not

15

limited to, approval of the transfer of the Stables Property and/or the Carpenters Property provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable immediately upon its entry by the Court.

20. **Injunction:** **All injunctions or stays provided for in the Debtor's chapter 11 case pursuant to §§ 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date. Pursuant to Bankruptcy Code section 1141(d)(1), and subject to the occurrence of the Effective Date, Confirmation will discharge all Claims against the Debtors except for the obligations and Liens expressly created or preserved by this Plan.**

21. For the avoidance of doubt, and notwithstanding any other provision contained in the Plan or the Confirmation Order, nothing in the Plan or the Confirmation Order shall release or enjoin the prosecution of any claims or Causes of Action by the Debtors or the Estates.

**WE ASK FOR THIS**:

/s/ *Justin P. Fasano*
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel to the Debtor*

Copies to:

All entities on the Court's mailing list.