IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 23-00285-ELG** |
| | ) | |
| **AVAMERE NPS STABLES LLC** | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | **Case No. 23-00286-ELG** |
| | ) | |
| **AVAMERE NPS CARPENTERS LLC** | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF MCNAMEE HOSEA, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

McNamee Hosea, P.A. ("McNamee Hosea"), counsel to Avamere NPS Stables LLC ("Stables") and Avamere NPS Carpenters LLC ("Carpenters," and collectively with Stables, the "Debtors"), files this *First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred* (the "Application") for the period of October 5, 2023 through March 13, 2024 (the "Application Period"), pursuant to 11 U.S.C. §§ 327, 330 and 331 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). McNamee Hosea seeks final allowance of fees in the amount of $9,296.10 and expenses in the amount of $31.00 for Carpenters, for a total award of $9,327.10. McNamee Hosea seeks final allowance of fees in the amount of $11,289.60 and expenses in the amount of $1.89 for Stables, for a total award of $11,291.49. For both Debtors,

---

_____
Justin P. Fasano, Esq.
Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820
Greenbelt, MD 22070
Phone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
Counsel for the Debtors

McNamee Hosea seeks final allowance of fees in the amount of $20,405.70 and expenses in the amount of $32.89 for a total award of $20,438.59. This is the First and Final application for approval of compensation.

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. §§ 328, 330, and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

## THE CHAPTER 11 CASES AND THE REORGANIZED DEBTORS' ENGAGEMENT OF MCNAMEE HOSEA

2. Debtors are each single asset real estate limited liability companies.

3. Carpenters owns the "Carpenters Property" which is that property commonly known as 2725 Cassedy Street, Silver Spring MD 20910, and more specifically known as Lot 22, Block 1 in a subdivision known as "Forest Glen Park" per plat thereof recorded as Plat No. 23377 among the Land Records of Montgomery County, Maryland. The Carpenters Property consists of 6 vacant condominium units located in Silver Spring, MD. The Carpenters Property was subject to liens in favor of Odeh Properties, LLC and WCP Fund I, LLC ("WCP").

4. Stables owns the "Stables Property" which is that property commonly known as 2701 Linden Lane, Silver Spring MD 20910, and more specifically known as Lot 43, Block 1 in a subdivision known as "Forest Glen Park" per plat thereof recorded as Plat No. 23374 among the Land Records of Montgomery County, Maryland. The Stables Property consists of 7 vacant condominium units located in Silver Spring, MD. The Stables Property was subject to liens in favor of B&L Funding, LLC and WCP.

5. The events precipitating the Chapter 11 filings are the foreclosure filings scheduled by WCP on the Debtors' properties.

6. On March 13, 2024, the Court confirmed plans for the Debtors which provide for the transfer of the Stables Property and Carpenters Property in full and complete satisfaction of any debt to WCP.

## THE DEBTOR'S ENGAGEMENT OF MCNAMEE HOSEA

7. On October 5, 2023, the Debtors filed their Application to Employ McNamee Hosea, P.A. as Counsel to the Debtor (the "Application to Employ") [Staples Dkt. No. 5, Carpenters Dkt No. 5] (amended on October 31, 2023 to add attorney identifiers).

8. On January 18, 2024, the Court entered an order granting the Application to Employ effective as of the Petition Date as to each Debtor [Staples Dkt. No. 51, Carpenters Dkt No. 39].

9. On October 5, 2023, McNamee Hosea was provided a $11,738 retainer as security for each debtor its fees and expenses in attempting to resolve the Debtors' debts prior to bankruptcy. On October 5, 2023, McNamee Hosea drew down $2,903 for each debtor on its retainer for its pre-petition bills, including the two $1,738 filing fees. The balance of each Retainer, $8,835.00, remains held in escrow to pay fees and expenses upon Bankruptcy Court approval.

## EVENTS SINCE THE PETITION DATE

10. During the case, McNamee Hosea has assisted the Reorganized Debtors in (1) successfully opposing dismissal of this case; (2) drafting a Chapter 11 plan; (3) employing professionals; (4) Settling its debts with WCP; and (5) obtaining approval of usage of cash collateral; and (5) participating in various hearings and meetings.

11. Each of the Debtors has confirmed a Chapter 11 plan.

3

### MCNAMEE HOSEA'S REPRESENTATION OF THE DEBTOR

12. The representation of the Debtor during the Application Period was primarily performed by Justin Fasano and Craig Palik. The services of additional attorneys and professionals were utilized on an as-needed basis for specific projects.

13. The hours devoted by McNamee Hosea during the Application Period for the Carpenters, the hourly rate for each professional and the resulting fees (excluding reductions made in the exercise of McNamee Hosea's billing discretion) are as follows:

| Name | Position | Hours | Hourly Rate | Fees Earned |
|---|---|---|---|---|
| Craig M. Palik | Principal | 6.9 | $425.00 | $2,932.50 |
| Justin P. Fasano | Principal | 17.8 | $400.00 | $7,120.00 |
| Cynthia Martin | Paralegal | 0.2 | $140.00 | $42.00 |
| Meaghan Evans | Paralegal | 0.3 | $115.00 | $34.50 |
| SUBTOTAL | | | | $10,129.00 |
| Less discount | | | | $1,012.90 |
| TOTAL | | | | $9,116.10 |

14. The hours devoted by McNamee Hosea during the Application Period for the Stables, the hourly rate for each professional and the resulting fees (excluding reductions made in the exercise of McNamee Hosea's billing discretion) are as follows:

| Name | Position | Hours | Hourly Rate | Fees Earned |
|---|---|---|---|---|
| Craig M. Palik | Principal | 4.3 | $425.00 | $1,827.50 |
| Justin P. Fasano | Principal | 26.6 | $400.00 | $10,640.00 |
| Cynthia Martin | Paralegal | 0.3 | $140.00 | $42.00 |
| Meaghan Evans | Paralegal | 0.3 | $115.00 | $34.50 |
| SUBTOTAL | | | | $12,544.00 |
| Less discount | | | | $1,254.40 |
| TOTAL | | | | $11,289.60 |

15. McNamee Hosea provided a broad range of services to the Debtors during the Application Period. These activities were undertaken to support and assist the Debtors to date in it their reorganization. An itemization of the services and a summary of the disbursements made also is contained below.

16. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent and value of the services rendered, the time spent on such services and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

17. Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. Perdue v. Kenny A., 130 S. Ct. 1662 (2010).

18. Bankruptcy courts often consider the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Ltd., 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904 (1977). The United States Court of Appeals for the Fourth Circuit adopted the Johnson tests in Barber v. Kimbrells, Ltd., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978). In Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should apply the lodestar approach, which encompasses the Johnson factors (a) and (e) as set forth below, and then adjust the fee with the guidance of the remaining Johnson factors. The following are the Johnson factors:

(a)  the time and labor required;

(b)  the novelty and difficulty of the questions;

(c)  the skill required to properly perform the legal services;

(d)  the preclusion of other employment by the attorney due to acceptance of the case;

(e)  the customary fee;

(f)  whether the fee is fixed or contingent;

(g)  time limitations imposed by the client or the circumstances;

(h)  the amount involved and the results obtained;

(i)  the experience, reputation, and ability of the attorneys;

(j)  the "undesirability" of the case;

(k)  the nature and length of the professional relationship with the client; and

(l)  awards in similar cases.

Johnson, 488 F.2d at 717-719; Barber, 577 F.2d at 226 n.28; Anderson, 658 F.2d at 248 n.2.

19.  McNamee Hosea submits the following lodestar and Johnson factor analysis in support of its request for allowance of fees and disbursements

   a.  **The time and labor required**.  McNamee Hosea has expended a substantial amount of time assisting the Debtors.  As the time records submitted with this Application amply illustrate, McNamee Hosea's attorneys have dedicated substantial time to this case.

   b.  **Novelty and difficulty of the questions involved and skill applied.**  The Chapter 11 proceedings during this Application Period have involved numerous and complex bankruptcy issues concerning the settlement of claims with WCP.

6

  **c.** **The preclusion of other employment by the firm due to acceptance of this case**.  McNamee Hosea has devoted valuable resources to its representation of the Reorganized Debtors in this chapter 11 case.  McNamee Hosea was required to devote substantial amounts of time and effort to adequately represent the Debtors.  Due to the exigencies presented by this case, McNamee Hosea was diverted from other matters in which it was, or might have been, involved in order to devote itself to the competent representation of the Debtors in the instant case.

  **d.** **The customary fee for similar work**.  McNamee Hosea submits that the fees sought herein are warranted, are equal to its customary fees, and are generally less than or equal to competitive fees in the District of Columbia legal market for firms with comparable practices given the time-sensitive nature of these proceedings.

  **e.** **Whether the fee is fixed or contingent**.  Pursuant to the Bankruptcy Code, all fees sought by McNamee Hosea are subject to final approval of this Court.  The fees of McNamee Hosea are based on hourly rates and not contingent on the outcome of any particular event.

  **f.** **Time limitations imposed by the client or circumstances.**  At several times during the Application Period, the exigencies of the case required that McNamee Hosea provide services on behalf of the Debtors on an expedited basis.

  **g.** **The amounts involved and the results obtained**.  The fees requested by McNamee Hosea are reasonable given the issues that have arisen in this case and the results obtained.  McNamee Hosea has kept this case on course and drafted a joint Chapter 11 plan that was confirmed by the court.

      **h.**    <u>**Experience, reputation and ability of attorneys**</u>.  The principal McNamee Hosea attorneys on this case have previously represented debtors, trustees, secured creditors and unsecured creditors in all aspects of bankruptcy and commercial litigation proceedings, and have represented debtors and creditors in many chapter 11 cases.  McNamee Hosea principal Justin P. Fasano has practiced in the areas of bankruptcy, bankruptcy litigation, creditors' rights and commercial law for fourteen years.

      **i.**    <u>**The "undesirability" of the case**</u>.  Although this case should not be considered "undesirable," it has presented certain challenges.  McNamee Hosea has met these challenges and the case continues to move forward successfully.  Notable challenges included lack of liquidity, aggressive secured creditors, and lien priority disputes.

      **j.**    <u>**The nature and length of the firm's professional relationship with the client**</u>.  McNamee Hosea has represented the Debtors with respect to all aspects of this case since its appointment as bankruptcy counsel.  McNamee Hosea's representation of the Reorganized Debtors began in October 2023.

      **k.**    <u>**Awards in similar cases**</u>.  McNamee Hosea submits that its request for compensation is well within the usual and customary awards granted in similar cases.

20.    The following itemization sets forth the services rendered by McNamee Hosea, by Service Category, and provides an aggregation of disbursements by form of disbursement.

21.    The chart on the next page indicates the amount of services rendered and fees earned in each of the service categories listed below.  While McNamee Hosea has set up other

matters, it has not billed any time to those categories and has not included them in this Application.

**Carpenters**

|      | **Service Category**            | **Hours** | **Fees**    |
|------|---------------------------------|-----------|-------------|
| **1001** | General Matters             | 5.9       | $2,360.00   |
| **1002** | Schedules/ Statements/ Reports | 2.6    | $1,024.00   |
| **1003** | Administrative              | 6.1       | $2,577.50   |
| **1004** | Employment and Fee Applications | 1.3   | $480.50     |
| **1005** | Disclosure Statement and Plan | 9.4     | $3,687.00   |
|      | **Subtotal**                    |           | **$10,129.00** |
|      | **Less discount**               |           | **$1,012.90**  |
|      | **Total**                       |           | **$9,116.10**  |

**Stables**

|      | **Service Category**            | **Hours** | **Fees**    |
|------|---------------------------------|-----------|-------------|
| **1001** | General Matters             | 15.5      | $6,068.00   |
| **1002** | Schedules/ Statements/ Reports | 2.5    | $984.00     |
| **1003** | Administrative              | 4.0       | $1,672.50   |
| **1004** | Employment and Fee Applications | 1.1   | $452.50     |
| **1005** | Disclosure Statement and Plan | 8.6     | $3,367.00   |
|      | **Subtotal**                    |           | **$12,629.00** |
|      | **Less discount**               |           | **$1,262.90**  |
|      | **Total**                       |           | **$11289.60**  |

## DISCOUNT

22. In the exercise of its billing discretion, McNamee Hosea has provided the Debtors and the estate with a 10% discount, as shown above.

## DISBURSEMENTS

23. McNamee Hosea had $32.89 in disbursements during the Application Period. A summary of expenses incurred is included at **Exhibit A**. The chart below summarizes the disbursements by category:

| **Disbursement Category** | Cost |
|---|---:|
| Photocopies/Prints (Carpenters) | $31.00 |
| Postage (Stables) | $1.89 |

## TOTAL AMOUNT SOUGHT

24. The total services rendered and disbursements made for Stables are as follows:

| Total Fees Sought | $11289.60 |
|---|---:|
| Total Disbursements | $1.89 |
| **Total** | **$11,367.99** |

25. The total services rendered and disbursements made for Carpenters are as follows:

| Total Fees Sought | $9,116.10 |
|---|---:|
| Total Disbursements | $31.00 |
| **Total** | **$9,147.10** |

10

26. In summary, McNamee Hosea believes that the services rendered to the Debtors and the estates and the expenses incurred in connection therewith were necessary and reasonable in view of the nature of this case and the number of the matters in which McNamee Hosea was necessarily involved.

**WHEREFORE**, McNamee Hosea respectfully requests that this Court enter an Order:

(a) allowing a final award of fees incurred during the Application Period in the amount of $11289.60 for Stables and $9,116.10 for Carpenters;

(b) allowing a final award of expenses incurred during the Application Period in the amount of $1.89 for Stables and $31.00 for Carpenters;

(c) authorizing the Debtors to pay all amounts awarded;

(d) authorizing McNamee Hosea to draw down on its retainer for all amounts awarded; and

(e) granting such other and further relief which is just and equitable.

Dated: March 15, 2024                Respectfully submitted,

/s/ *Justin P. Fasano*
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
Counsel for the Debtors

11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2024, a copy of the foregoing *First and Final Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred* was filed and served via the Court's Electronic Case Filing System on all parties receiving notice thereby, and by first-class mail, postage prepaid, to:

> James Smith
> 44050 Ashburn Shopping Plaza
> Suite 195-637
> Ashburn, VA 20147
>
> Office of the United States Trustee
> 1725 Duke Street, Suite 650
> Alexandria, VA 22314

> /s/ *Justin P. Fasano*
> Justin P. Fasano